UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAURAL HEMENWAY,<br><br>　　Plaintiff,<br><br>v.<br><br>16TH JUDICIAL DISTRICT ATTORNEY'S OFFICE,<br><br>　　Defendant. | Case No. 3:15-cv-00997<br><br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

In this civil rights action, pro se Plaintiff Laural Hemenway alleges that Defendant 16th Judicial District Attorney's Office (JDAO) unlawfully terminated her employment after she expressed concerns about sex discrimination and requested accommodations for a disability. (Doc. No. 73.) Hemenway brings claims under 42 U.S.C.§ 1983 for violations of her First Amendment rights; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq.*; Tennessee common law; and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §§ 4-21-101 *et seq.* (*Id.*)

JDAO has filed a motion for partial dismissal of Hemenway's amended complaint, arguing that Hemenway's First Amendment, ADA, and THRA claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and her common law claim should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted. (Doc. Nos. 74, 75.) Hemenway has responded in opposition. (Doc. Nos. 76, 77.) The Magistrate Judge has authority to resolve dispositive motions in this action by the parties' consent under 28 U.S.C.

§ 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 18.) For the reasons that follow, JDAO's motion for partial dismissal will be granted.

## I. Factual and Procedural Background

This action arises out of Hemenway's employment by JDAO as an assistant district attorney and her termination from that position on October 7, 2014. (Doc. No. 73.) Hemenway instituted this action by filing a complaint on October 5, 2015. (Doc. No. 1.) On December 5, 2018, JDAO filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) (Doc. No. 46), to which Hemenway responded in opposition (Doc. No. 50) and JDAO replied (Doc. No. 54). On January 30, 2019, Hemenway filed a motion for leave to amend her complaint (Doc. No. 65), which the Court granted (Doc. No. 72). The Court denied JDAO's motion to dismiss the original complaint as moot in light of the amended complaint. (*Id.*)

On September 24, 2019, Hemenway filed an amended complaint alleging that JDAO: (1) violated her First Amendment rights by terminating her employment for speaking out against sex discrimination in the courtroom; (2) engaged in gender discrimination prohibited by Title VII when it terminated her employment; (3) violated the ADA by terminating her employment because of her disability; (4) retaliated against her for speaking out against sex discrimination in the courtroom in violation of Tennessee common law; and (5) violated the THRA on the same grounds. (Doc. No. 73.) She seeks compensatory damages, reinstatement, back and front pay, and an injunction prohibiting JDAO from engaging in discriminatory employment practices. (*Id.*)

On October 9, 2019, JDAO filed a motion for partial dismissal, arguing that the Court lacks subject matter jurisdiction over Hemenway's First Amendment, ADA, and THRA claims under Rule 12(b)(1), and that the complaint fails to state a claim for common law retaliation under Rule 12(b)(6). (Doc. Nos. 74, 75.) JDAO argues that, as an arm of the State of Tennessee, it is protected from any claims brought under § 1983, the ADA, and the THRA by Eleventh

Amendment sovereign immunity. (Doc. No. 75.) JDAO also asserts that, as a public employee, Hemenway fails to state a claim for common law retaliatory discharge because, in Tennessee, such claims are only available to private-sector employees. (*Id.*)

On October 23, 2019, Hemenway filed a response in opposition (Doc. No. 76) and accompanying memorandum of law (Doc. No. 77), in which she argues that the Eleventh Amendment does not apply to her claims, disputes that JDAO is an arm of the State of Tennessee, and asserts that the Fourteenth Amendment requires that her request for prospective injunctive relief be allowed to proceed to ensure that the constitutional rights of other individuals are protected.[1] (*Id.*)

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the

---

[1] Hemenway's memorandum of law (Doc. No. 77) includes arguments from a previously filed memorandum (Doc. No. 9) drafted by Hemenway's former attorney in response to a different motion to dismiss this case (Doc. No. 5). These recycled arguments address the jurisdiction of the Tennessee Claims Commission, where Hemenway brought her workers' compensation claim; whether Hemenway properly obtained and filed a right to sue letter from the Equal Employment Opportunity Commission (EEOC); and whether she stated a claim upon which relief can be granted under the First Amendment or the Americans with Disabilities Act. (Doc. No. 77.) JDAO's motion for partial dismissal (Doc. No. 74) does not address the jurisdiction of the Tennessee Claims Commission, Hemenway's compliance with the EEOC's administrative requirements, or the sufficiency with which she pleaded her First Amendment and ADA claims. Therefore, these arguments are irrelevant to the present motion and will not be considered.

United States," and several other categories of cases not at issue here.[2] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Leb.*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816–17 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg.*

---

[2] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

*Prods., Inc.*, 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.     Analysis**

    **A.     Federal Rule of Civil Procedure 12(b)(1)**

JDAO moves to dismiss Hemenway's First Amendment, ADA, and THRA claims under Rule 12(b)(1), arguing that the Court lacks subject-matter jurisdiction over these claims because JDAO has sovereign immunity under the Eleventh Amendment. (Doc. No. 75.) An assertion of Eleventh Amendment sovereign immunity constitutes a factual attack on subject-matter jurisdiction. *Dunn v. Spivey*, No. 2:09-0007, 2009 WL 1322600, at *3 (M.D. Tenn. May 11, 2009). Under Sixth Circuit precedent, "the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity." *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (quoting *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002)).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Hemenway argues, as an initial matter, that the Eleventh Amendment only applies to claims brought by citizens of other states and is inapplicable here because she is a Tennessee citizen. (Doc. No. 77.) This argument lacks legal merit. Although it is true that the Amendment's text explicitly refers "only to suits against a State by citizens of another State," the Supreme Court has long applied Eleventh Amendment sovereign immunity "to suits by citizens against their own States." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Hans v. Louisiana*, 134 U.S. 1, 15–17 (1890) (holding that, under the Eleventh Amendment, the judicial power of the United States does not extend to a suit against a state by one of its own citizens unless that state has consented to suit). Thus, Hemenway's status as a citizen of Tennessee

does not prevent the application of Eleventh Amendment sovereign immunity to her claims, and the Court must determine whether JDAO is entitled to immunity.

Eleventh Amendment sovereign immunity only extends to suits against the state, state officials, or "an arm of the [s]tate[.]" *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). At issue here is whether JDAO is an arm of the State of Tennessee. In the Sixth Circuit, courts consider four factors to determine whether an entity is an arm of a state for Eleventh Amendment purposes: "(1) whether the state would be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (quoting *S.J. v. Hamilton Cnty.*, 374 F.3d 416, 420 (6th Cir. 2004)). While the Sixth Circuit has held that the state's potential liability for a judgment is "'the most important factor, . . . it is not the sole criterion.'" *Guertin v. Michigan*, 912 F.3d 907, 937 (6th Cir. 2019) (alteration in original) (quoting *Ernst*, 427 F.3d at 364). Sovereign immunity "does not exist solely in order to prevent federal-court judgments that must be paid out of a [s]tate's treasury; it also serves to avoid the indignity of subjecting a [s]tate to the coercive process of judicial tribunals at the instance of private parties." *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 761 (6th Cir. 2010) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996)). Thus, an analysis of all four factors is required. *See id.* (holding that "the district court strayed from the appropriate analysis of taking the other factors into account" by "concluding that potential financial liability is the only determinative factor—or the near-determinative factor—in establishing whether a state [entity] is an arm of the state for purposes of Eleventh Amendment sovereign immunity").

JDAO asserts that it is an arm of the State of Tennessee for Eleventh Amendment purposes because district attorney general offices are established by Tennessee law and "[b]ecause any

7

recovery against [JDAO] would be paid by state funds . . . ." (Doc. No. 75, PageID# 1169.) Hemenway argues that, because JDAO has not submitted evidence that a judgment in Hemenway's favor would be paid from the state treasury, discovery is required to determine whether JDAO is an arm of the State. (Doc. No. 77.) The Court finds that, although JDAO has not submitted conclusive evidence that the State of Tennessee would be liable for a judgment against it, "it is the state treasury's *potential* legal liability for the judgment, not whether the state treasury will pay for the judgment in *th*[*is*] case, that controls the inquiry[.]" *Ernst*, 427 F.3d at 359. Tennessee law strongly suggests that the State is potentially liable for a judgment against JDAO and that all four *Ernst* factors are satisfied here.

The offices of the district attorneys general are established by State law, Tenn. Code Ann. § 8-7-101, to prosecute suits on behalf of the State of Tennessee, *id.* § 8-7-103. The State "provide[s] office equipment and supplies" and reimburses "the necessary expenses in the preparation and prosecution of cases in the name of the state" from the State treasury. *Id.* § 8-26-101(2)(A)–(B). District attorneys general and their assistants receive salaries payable out of the State treasury, *id.* §§ 8-7-105, 8-7-201, and are employees of the State of Tennessee. *White ex rel. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988). Each district attorney general's office is entitled to receive funding from the state treasury "for the purpose of carrying out the duties and responsibilities of the office of district attorney general," Tenn. Code Ann. § 8-7-604, subject to annual audit by the State "office of comptroller of the treasury" *id.* § 8-7-606. State law defines the duties of each district attorney general's office and requires each district attorney general to submit annual reports to the State district attorneys general conference. *Id.* § 8-7-103. These factors establish that the State treasury is potentially liable for a judgment against JDAO, Tennessee law

defines JDAO as an entity of the State, the State maintains control over JDAO, and JDAO receives funding from the State treasury. *See Ernst*, 427 F.3d at 359.

Further, this Court has repeatedly found that suits against the offices of the district attorneys general are suits against the State of Tennessee. *See, e.g.*, *Hembree v. Off. of Dist. Att'y Gen. for the 13th Jud. Dist. of Tenn.*, No. 2:18-cv-00097, 2019 WL 1437913, at *2 (M.D. Tenn. Apr. 1, 2019); *Thompson v. Tenn. Dist. Att'y Gen.'s Off.*, No. 3:18-cv-00502, 2018 WL 6181357, at *3 (M.D. Tenn. Nov. 27, 2018). Even Hemenway refers to JDAO as "an entity of the State" in her amended complaint. (Doc. No. 73, PageID# 1107, ¶ 30.) Therefore, the Court finds that JDAO is an arm of the State of Tennessee for the purposes of Eleventh Amendment sovereign immunity.

The Eleventh Amendment bars suits against the State except for: "(1) when the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S.123 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity." *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). As explained below, none of these exceptions applies to Hemenway's First Amendment, ADA or THRA claims.

### 1. State Waiver of Sovereign Immunity

The Tennessee Constitution provides that the State of Tennessee has sovereign immunity from claims brought against it unless the State Legislature expressly waives that immunity. Tenn. Const. art. I, § 17. The Tennessee Legislature codified this provision in Tenn. Code Ann. § 20-13-102(a), which the Sixth Circuit has held bars suits against the State of Tennessee where State treasury funds are potentially involved in both state and federal court, *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), unless the State Legislature has expressly waived that immunity. *Woolsey v. Hunt*, 932 F.2d 555, 565 (6th Cir. 1991). Hemenway has cited no authority indicating that Tennessee has waived its immunity to ADA claims or constitutional claims brought under § 1983, nor is the Court aware of any such waiver. Although the Tennessee Legislature has waived

9

its immunity to THRA suits in Tennessee courts, it has not done so for suits in federal courts. *See Boyd v. Tenn. State Univ.*, 848 F.Supp. 111, 114 (M.D. Tenn. 1994) ("There is no express consent by Tennessee, neither within the THRA nor elsewhere, to a suit in federal court for claims under the THRA."). Consequently, Hemenway's First Amendment, ADA, and THRA claims are barred by sovereign immunity unless another exception applies.

### 2. Congressional Abrogation of Sovereign Immunity

A federal statute may subject states to private suit if Congress has abrogated the states' sovereign immunity by "unequivocally express[ing] its intent to abrogate that immunity" while "act[ing] pursuant to a valid grant of constitutional authority." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (citing *Seminole Tribe of Fla.*, 517 U.S. at 55). The Supreme Court has held that neither the employment discrimination provisions of Title I of the ADA nor § 1983 abrogated the states' sovereign immunity. *Garrett*, 531 U.S. at 374 (holding that Congress did not abrogate state sovereign immunity to suits for money damages brought under the employment discrimination provisions found in Title I of the ADA); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989) (holding that a state is not a "person" subject to liability under § 1983, and that the statute did not abrogate states' Eleventh Amendment sovereign immunity). Therefore, Hemenway's claims for money damages under the ADA and § 1983 are barred by the Eleventh Amendment.

### 3. Prospective Injunctive Relief Under *Ex Parte Young*

In addition to money damages, Hemenway seeks prospective injunctive relief in the form of reinstatement, an injunction barring JDAO "from engaging in employment practice(s) which discriminate on the basis of gender or disability[,]" and "such other, further, or general relief to which she may be entitled as the Court deems fit and as justice and equity may require." (Doc. No. 73, PageID# 1114, ¶¶ 4, 8.) In her response to JDAO's motion for partial dismissal,

Hemenway argues that, unless prospective injunctive relief is available, "[JDOA] cannot be trusted to protect [individual] rights . . . ." (Doc. No. 77, PageID# 1182.)

Under the *Ex parte Young* exception, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See* 209 U.S. 123 (1908). The *Ex parte Young* exception applies only to suits against state officials in their official capacities, *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013), and "does not apply where, as here, a plaintiff sues a state agency, not a state official." *Miller v. Tenn. Dep't of Hum. Servs.*, No. 3-15-1025, 2016 WL 3213641, at *3 (M.D. Tenn. June 10, 2016); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."). Hemenway asserts claims only against JDAO, not any of its employees in their official capacities. (Doc. No. 73.) Therefore, the *Ex Parte Young* exception is inapplicable and Hemenway's claims can only proceed if Tennessee has consented to suit or Congress has abrogated state sovereign immunity, neither of which has happened here. *See Graham*, 473 U.S. at 167 n.14. This Court lacks subject-matter jurisdiction over Hemenway's First Amendment, ADA, and THRA claims, and will dismiss them without prejudice.

### B. Federal Rule of Civil Procedure 12(b)(6)

JDAO also seeks dismissal of Hemenway's common law retaliation claims under Rule 12(b)(6) for failure to state a claim for which relief can be granted. (Doc. No. 74.) Hemenway responds—without addressing JDAO's arguments, citing any case law, or referring to her complaint's allegations—that her "[r]etaliation claim does not fail to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. No. 77, PageID# 1179.) The Tennessee Supreme Court has held that common law claims for retaliatory discharge are only available to private-sector employees. *Williams v. City of Burns*, 465 S.W.3d 96, 11011 (Tenn. 2015); *see also*

*Wheeler v. Knox Cnty.*, No. 3:16-cv-108, 2018 WL 4685454, at *4 (E.D. Tenn. Sept. 29, 2018) (dismissing public employee's common law retaliatory discharge claim under *Williams*). Hemenway's claims arise from her public employment as an assistant district attorney for JDAO. (Doc. No. 73.) Hemenway provides no argument otherwise. Her claim for common law retaliatory discharge under Tennessee law will be dismissed with prejudice.

**IV.     Conclusion**

For the foregoing reasons, JDAO's motion for partial dismissal of Hemenway's complaint (Doc. No. 74) will be GRANTED. Hemenway's First Amendment, ADA, and THRA claims (Counts 1, 3, 5) are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. Her common law retaliation claim (Count 4) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. Hemenway's Title VII claim (Count 2) remains pending.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge